The judgment is reversed, and the relator is ordered discharged.

PRENDERGAST, P. J. I am somewhat in doubt on the question raised, and for the present express no opinion.

---

HOBBS v. STATE. (No. 3330.)

(Court of Criminal Appeals of Texas. Nov. 18, 1914.)

ANIMALS (§ 45*)—KILLING ANIMALS—CRIMINAL RESPONSIBILITY—REQUESTED INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where accused was charged under Pen. Code 1911, art. 1231, with having willfully and wantonly killed a domestic animal, and the evidence was not conclusive that the killing was willful or wanton, and the jury might have found that the act was within Pen. Code 1911, art. 1246, imposing a penalty upon one who, being in charge of cultivated land surrounded by an insufficient fence, shall with firearms kill any animal within the inclosure, it was error for the court to refuse a requested charge that if the facts brought the case within the provisions of the latter article the jury should acquit.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 123–140, 191, 192; Dec. Dig. § 45.*]

Appeal from Matagorda County Court; W. S. Holman, Judge.

Tom Hobbs was convicted of willfully and wantonly killing a domestic animal, and he appeals. Reversed and remanded.

J. W. Conger, of Bay City, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The evidence, while there is no positive evidence of the fact, would support a finding that appellant killed the animal which he is charged with having killed. There are two provisions of our criminal statutes relating to killing stock. Article 1231 provides that, if any one shall willfully and wantonly kill any domesticated animal, he shall be fined in an amount named. The prosecution was brought under this provision of the Code, and it was not necessary to name the owner of the animal under its provisions. One who thus kills an animal could be convicted, even though it was his own animal.

The other provision of the Code (article 1246) provides that if one in charge of cleared and cultivated land, surrounded by an insufficient fence, shall with firearms kill any animal within the inclosure, he shall be fined not less than $10 nor more than $100. The evidence in this case brings the offense within this latter provision of the Code, if appellant killed the animal. It shows he was at work in his inclosed field; that stock had been breaking in, destroying his crop; that he saw this animal in his corn, and he shot at it. It did not stop eating at the time. It was subsequently found dead. If the killing took place under such circumstances, and the fence was an insufficient fence to turn ordinary stock, he would be guilty of violating article 1246. There is nothing in the record to show conclusively a willful and wanton act as defined under article 1231, under which the conviction was had.

Appellant requested a special charge presenting the issue that if the killing took place under circumstances showing a violation of the provisions of article 1246, and not the one under which this prosecution was brought (article 1231), they would acquit. An exception was reserved to the failure of the court to give this charge, and this presents such error as necessitates a reversal of the case. Payne v. State, 17 Tex. App. 40; McRay v. State, 18 Tex. App. 331; Brewer v. State, 28 Tex. App. 565, 13 S. W. 1004.

The judgment is reversed, and the cause remanded.

---

EVERETT v. STATE. (No. 3333.)

(Court of Criminal Appeals of Texas. Nov. 18, 1914.)

CRIMINAL LAW (§ 1090*) — APPEAL — STATEMENT OF FACT—NECESSITY.

In the absence of a statement of facts and bills of exception, a conviction must be affirmed, when no question is presented which can be reviewed without a statement of facts or bills of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Amado Everett was convicted of horse theft, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant prosecutes this appeal from a conviction for horse theft.

As no statement of facts accompanies the record, nor does the record contain any bills of exceptions, no question is presented we can review, and the judgment is therefore affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes